IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 3, 2001 Session

## DAVID EARL MILLER v. STATE OF TENNESSEE

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**No. 47700     Ray Jenkins, Judge**

---

**No. E1998-00247-SC-R11-PD - Filed August 29, 2001**

---

We granted petitioner, David Earl Miller's application for permission to appeal to determine whether this Court's decision in State v. Brown, 836 S.W.2d 530 (Tenn. 1992) created a new state constitutional rule regarding the elements of deliberation and premeditation. Petitioner claims that Brown created a new state constitutional rule and that the jury instructions given at his initial trial violated this rule by relieving the prosecution of its burden to prove the elements of premeditation and deliberation beyond a reasonable doubt. Therefore, the petitioner argues that his conviction of first-degree murder was not supported by sufficient proof. After due consideration, we conclude that Brown did not announce a new state constitutional rule, did not implicate any constitutional right, is not retroactive, and may not serve as the basis for post-conviction relief. Accordingly, we conclude that the petitioner's complaint about the jury instructions given at his initial trial has been waived because it was not raised on direct appeal and that his complaint about the sufficiency of the evidence to support premeditation and deliberation was previously determined by this Court on direct appeal. Accordingly, the decision of the Court of Criminal Appeals is affirmed.

### Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals Affirmed

FRANK F. DROWOTA, III, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., ADOLPHO A. BIRCH JR., JANICE M. HOLDER and WILLIAM M. BARKER, JJ., joined..

Mark Stephens, John Halstead, and Paula R. Voss, Knoxville, Tennessee, for the appellant, David Earl Miller.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; Daryl J. Brand, Associate Solicitor General; Randall E. Nichols, District Attorney General; and Robert L. Jolley, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

W. Mark Ward, Memphis, Tennessee, for Amicus Curiae, Tennessee Association of Criminal Defense Lawyers.

**OPINION**

**I. Background**

The petitioner, David Earl Miller, was convicted of first-degree murder for the May 1981 killing of 23-year-old victim, Lee Standifer.[1] Upon finding that the murder was especially heinous, atrocious, or cruel in that it involved torture or depravity of mind, the jury imposed a sentence of death. This Court affirmed Miller's conviction on direct appeal, but reversed the sentence of death and remanded for a new sentencing hearing because the prosecution had been erroneously permitted to introduce evidence about Miller's prior arrests which had not resulted in convictions. State v. Miller, 674 S.W.2d 279 (Tenn. 1984). In February 1987, a new sentencing hearing was conducted, and the jury again sentenced Miller to death based upon its finding that the murder was especially heinous, atrocious, or cruel in that it involved torture or depravity of mind. On direct appeal, this Court affirmed the sentence of death. State v. Miller, 771 S.W.2d 401 (Tenn. 1989). Thereafter, Miller filed a timely petition seeking post-conviction relief.[2] Counsel for Miller presented his claims for post-conviction relief to the trial court. No witnesses were called at the hearing; however, transcripts of the 1982 trial and the 1987 sentencing hearing were introduced in support of Miller's claims. The trial court denied Miller's petition. Miller appealed, raising eight issues, including his claims that the jury instructions given at his trial relieved the State of its burden to prove premeditation and deliberation beyond a reasonable doubt and that the evidence was insufficient to prove premeditation and deliberation beyond a reasonable doubt. The Court of Criminal Appeals affirmed the trial court's decision denying post-conviction relief. Thereafter, we granted Miller's application for permission to appeal and now affirm the judgments of the trial court and the Court of Criminal Appeals.

**II. Standard of Review**

The standard of appellate review of post-conviction proceedings is familiar. We review findings of fact de novo with a presumption that the findings are correct unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001); Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). We review questions of law de novo with no presumption of correctness. Fields, 40 S.W.3d at 456-57.

**III. Jury Instructions and Sufficiency of the Evidence**

Relying upon this Court's decision in State v. Brown, 836 S.W.2d 530 (Tenn. 1992), Miller raises two related issues. First, he alleges that the jury instructions given at his trial relieved the State of its burden to prove premeditation and deliberation beyond a reasonable doubt and therefore violated his right to due process under the United States Constitution. See In

_____

[1]Complete descriptions of the evidence offered against Miller in the initial trial and in the new sentencing hearing are contained in this Court's 1984 and 1989 published opinions. Resolution of the issues in this appeal does not require another summary of the proof.

[2]Miller's petition was filed in 1992. Accordingly, this post-conviction action is governed by the post-conviction statute effective at that time, Tennessee Code Annotated sections 40-30-101 through -124 (repealed 1995).

re Winship, 397 U. S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Miller also argues that the prejudicial effect of these unconstitutional jury instructions is clear because the evidence was insufficient for any rational trier of fact to find the essential elements of deliberation, premeditation, and lack of heat of passion beyond a reasonable doubt. Miller argues that these issues are proper grounds for consideration in a post-conviction proceeding because this Court's decision in Brown announced a new constitutional rule that must be retroactively applied because it enhances the fact-finding process of the trial. See Meadows v. State, 849 S.W.2d 748, 754 (Tenn. 1993) (discussing the circumstances that will require retroactive application of new state constitutional rules). Apparently recognizing that there is no precedent supporting his position, Miller says that the Court of Criminal Appeals in this case and in prior decisions has dealt only with the retroactivity of Brown's disapproval and abandonment of the "premeditation can be formed in an instant" jury instruction and has failed to address the retroactivity of the core issue of Brown: how to properly define deliberation apart from premeditation.

The State argues that Miller's complaint about the jury instruction is waived because it was not raised on direct appeal. See Tenn. Code Ann. § 40-30-112(b)(1) (repealed 1995).[3] The State also argues that the sufficiency of the evidence to establish premeditation and deliberation may not be raised in this post-conviction action because it was previously determined by this Court in Miller's direct appeal. See Tenn. Code Ann. § 40-30-112(a) (repealed 1995); Miller, 674 S.W.2d at 282-83. The State also argues that Brown did not announce a new state constitutional rule, did not implicate any constitutional right, is not retroactive, and may not serve as the basis for post-conviction relief. See Tenn. Code Ann. § 40-30-105 (repealed 1995);[4] Harris v. State, 947 S.W.2d 156, 174 (Tenn. Crim. App. 1996). Finally, the State asserts that even if these claims are considered on the merits Miller is entitled to no relief because the jury instructions given at his trial accurately stated the law and because the evidence offered sufficiently established premeditation and deliberation.

We begin our analysis with Brown, in which this Court found that the evidence was insufficient to establish deliberation and premeditation and modified the defendant's conviction from first- to second-degree murder. Id. at 537. In so holding, we reviewed many Tennessee appellate court decisions and concluded that some of those decisions had blurred the distinction between premeditation and deliberation – the essential elements of first degree murder. Id. at 537-44. We emphasized that "the courts of Tennessee should adhere to long-established rules of

---

[3]Under the pre-1995 Post-Conviction Act, waiver applied "if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Tenn. Code Ann. § 40-30-112(b)(1)(repealed 1995). A ground for relief was considered previously determined "if a court of competent jurisdiction had ruled on the merits after a full and fair hearing." Tenn. Code Ann. § 40-30-112(a) (repealed 1995). See also House v. State, 911 S.W.2d 705, 710-11, 713-14 (Tenn. 1995) (discussing waiver and previous determination).

[4]This statute provided that "[r]elief under this chapter shall be granted when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the constitution of this state or the Constitution of the United States, including a right that was not recognized as existing at the time of trial if either constitution requires retrospective application of that right."

law and that we should abandon the modern tendency to muddle the line between first- and second-degree murder." Id. at 542-43. We found support for this view in the 1989 statute,[5] which had included both premeditation and deliberation in the definition of first-degree murder. Id. As a result, we concluded that "it is prudent to abandon an instruction that tells the jury that 'premeditation may be formed in an instant.'" Brown, 836 S.W.2d at 543. We also overruled prior case law to the extent it had interpreted the fact of "repeated blows" to constitute sufficient circumstantial evidence of premeditation and deliberation in and of itself. Id. at 543-44.

In Brown, contrary to Miller's assertion, we did not announce a new rule of constitutional law. In fact, we did not so much as refer to the state or federal constitution in our discussion of the sufficiency of the evidence issue. We also did not declare or imply that the potentially confusing "premeditation may be formed in an instant" instruction infringed upon a defendant's constitutional rights. Finally, we neither declared nor implied that the decision could or should be applied to invalidate every first-degree murder conviction that had been previously obtained. Indeed, the summary in Brown indicates the straightforward and routine nature of our holding:

> [W]e do not condone the homicide in this case, or the sustained abuse of the defenseless victim, Eddie Brown. We simply hold that in order to sustain the defendant's conviction, the proof must conform to the statute. Because the state has failed to establish sufficient evidence of first-degree murder, we reduce the defendant's conviction to second degree murder and remand the case for resentencing.

Id. at 544 (emphasis added). In Brown we simply reiterated that Tennessee law had for many years required proof of both premeditation and deliberation to sustain a conviction of first-degree murder, and we repudiated any prior, aberrant decisions blurring that dual requirement. To avoid future blurring or confusion, we abandoned the jury instruction that advises "premeditation may be formed in an instant," and emphasized that the fact of "repeated blows" is not sufficient circumstantial proof in and of itself to establish premeditation and deliberation. Id.

The Court of Criminal Appeals has uniformly recognized that Brown did not create a new constitutional rule which must be given retroactive application. See, e.g., Lofton v. State, 898 S.W.2d 246, 249 (Tenn. Crim. App. 1994), perm. app. denied (Tenn. Feb. 27, 1995); Harris v. State, 947 S.W.2d 156, 174 (Tenn. Crim. App. 1996), perm. app. denied (Tenn. Feb. 3, 1997); Alley v. State, 958 S.W.2d 138, 154 (Tenn. Crim. App. 1997), perm. app. denied (Tenn. Sept. 29, 1997); Thompson v. State, 958 S.W.2d 156, 173 (Tenn. Crim. App. 1997), perm. app. denied (Tenn. Oct. 20, 1997). The Court of Criminal Appeals has also appropriately recognized that this Court's abandonment of a potentially confusing jury instruction does not automatically mean that

---

[5]See Tenn. Code Ann. § 39-13-202(a)(1) (1991 Repl.) (defining first-degree murder as the "intentional, premeditated and deliberate killing of another"). The statute has since been amended and first-degree murder is now defined as "a premeditated and intentional killing of another." Tenn. Code Ann. § 39-13-202(a)(1) (Supp. 2000). Proof of deliberation is no longer required.

prior use of the abandoned jury instruction was constitutional error. See, e.g., Lofton, 898 S.W.2d at 250. The petitioner's attempt to distinguish the issues he raises in this case from these prior decisions refusing to apply Brown retroactively is unpersuasive. Accordingly, consistent with Brown itself, and with every other appellate court decision addressing the issue, we conclude that Brown did not create a new state constitutional rule, that the decision is not to be given retroactive application, and that use of the abandoned jury instruction did not infringe upon or implicate any constitutional right.

Having so determined, it follows that Miller's challenge to the jury instructions given at his initial trial must fail. As the State points out, this issue has been waived because it was not raised in his direct appeal to this Court.[6] See Tenn. Code Ann. § 40-30-112(b)(1) (repealed 1995).

Moreover, Miller's related claim that the evidence was not sufficient to support the jury's finding of premeditation and deliberation was previously determined by this Court in his direct appeal. See Tenn. Code Ann. § 40-30-112(a) (repealed 1995). The sufficiency of the proof as to premeditation and deliberation was the second issue addressed in this Court's opinion. See Miller, 674 S.W.2d at 282. After stating that one of the defenses interposed at trial was that the evidence was insufficient because the defendant was so intoxicated he could not commit premeditated murder, we considered and rejected that claim, concluding that "[t]he jury was properly charged on that issue and their verdict was approved by the trial judge." Id. at 283. Clearly the precise issue of sufficiency of the evidence of premeditation and deliberation about which Miller now complains was previously determined and rejected by this Court on direct appeal. This issue cannot be revisited in this post-conviction proceeding.

### IV. Conclusion

For the reasons stated herein, we conclude that Brown did not announce a new state constitutional rule and is not retroactive. Therefore, Miller's claim regarding the jury instruction given at his initial trial is waived and his claim regarding the sufficiency of the evidence is previously determined. With respect to the other issues raised by Miller, we affirm without discussion the decision of the Court of Criminal Appeals. It appearing that the petitioner is indigent, costs of this appeal are taxed to the State of Tennessee for which execution may issue if necessary.

---

[6]Amicus Curiae, Tennessee Association of Criminal Defense Lawyers, argues that waiver should not apply because the law concerning deliberation was in a state of great disarray at the time of Miller's trial, and as a result, diligent counsel could not have recognized or asserted the issue. With all due respect, we must disagree. Amicus Curiae's argument is based on two faulty propositions. First, there is no indication in Brown that the law actually was in a state of great disarray. The strongest words used in the Brown decision were "blurred" and "muddled". Furthermore, a diligent attorney is more, not less, likely to raise an issue relating to an area of the law that is in a state of great disarray. Indeed, it seems more reasonable to conclude that diligent counsel is less likely to raise an issue when he or she performs research and discovers that the law in an area is well-settled and uniformly applied. Amicus Curiae's arguments that waiver should not be applied are unpersuasive.

_____

FRANK F. DROWOTA, III, JUSTICE