IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 4, 2009 Session

## BRANDON WALLACE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7346     Joseph H. Walker, III, Judge**

_____

**No. W2008-02594-CCA-R3-PC  - Filed October 2, 2009**
_____

The petitioner, Brandon Wallace, appeals the denial of his petition for post-conviction relief.  He is presently serving an effective sentence of forty years after being found guilty of two counts of attempted first degree murder, attempted second degree murder, attempted especially aggravated robbery, especially aggravated burglary, and felony reckless endangerment.  He claims that he received ineffective assistance of counsel at trial and that the trial court erred in sentencing him.  After review, we conclude that the petitioner's sentencing claim was previously determined and that he failed in carrying his burden of proving that trial counsel was ineffective.  The judgment from the post-conviction court denying relief is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

James T. Powell, Union City, Tennessee, for the appellant, Brandon Wallace.

Robert E. Cooper, Jr., Attorney General and Reporter, and J. Ross Dyer, Senior Counsel, for the appellee, State of Tennessee.

### OPINION

The petitioner's direct appeal may be found at *State v. Brandon Wallace*, No. W2003-01967-CCA-R3-CD, 2005 WL 195086 (Tenn. Crim. App. Jan. 28, 2005), *app. denied* (Tenn. May 23, 2005).

It is well established that post-conviction proceedings may not be employed to relitigate issues previously determined on direct appeal.  *See, e.g., Miller v. State*, 54 S.W.3d 743, 747-48 (Tenn. 2001).  This petitioner challenged his sentence on direct appeal.  His sentence was reduced from an effective forty-six years to forty years.  Thus, it may not be relitigated in this proceeding.

During the post-conviction relief hearing, the petitioner and his trial counsel testified. The petitioner claimed trial counsel did not investigate his case adequately. Specifically, he claims medical records would prove that two people were shot with multiple caliber weapons, proving that he did not commit both murders. He also claimed his trial counsel only talked to him three to four times prior to trial and did not interview certain witnesses.

Trial counsel testified that he talked to the petitioner before his preliminary hearing, participated in a four-hour preliminary hearing, and met with him three to four more times in addition to their conversations at other motion hearings. Trial counsel stated that the State had a video of the petitioner leaving the scene of the crime, which made the defense very difficult. He reviewed the indictments with the petitioner and reviewed all the proof the State intended to offer. With regard to the medical proof, he said there were several weapons involved, and they discussed it at length. Counsel felt the level of proof against the petitioner was strong and said it was difficult to convince the petitioner that he could be held legally responsible "regardless of who did the shooting." This was trial counsel's explanation as to why the medical records were not as important as the petitioner may have thought.

Analysis

On appeal, the petitioner argues that the trial court erred in denying his petition for post-conviction relief on a theory of ineffective assistance of counsel. Since the petitioner alleged ineffective assistance of counsel, it was the petitioner's burden in the post-conviction court to prove the allegations by clear and convincing evidence. T.C.A. § 40-30-110(f). We are required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).

In order to prove ineffective assistance of counsel, the petitioner must prove that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

conduct, and to evaluate the conduct from counsel's perspective at the time." *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002) (citing *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065).

The petitioner claimed that counsel failed to investigate his case. However, the post-conviction court accredited the testimony of counsel when he said that he talked to the petitioner before his preliminary hearing, participated in a four-hour preliminary hearing, and met with him three to four more times in addition to their conversations at other motion hearings.

The petitioner also claimed that the jury was not fully instructed on the State's burden of proof and the fact that the petitioner did not have to prove his innocence. However, the jury instructions are not a part of the record on appeal. Without the jury instructions, we cannot review this issue. It is the duty of the accused to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999). This issue is waived.

The petitioner has failed to demonstrate how the evidence in the record preponderates against the findings of the post-conviction court that counsel rendered effective assistance. He has not presented any evidence or new theory of how the outcome would have been different had counsel taken a different course through trial. Thus, the petitioner cannot satisfy the prejudice prong and is not entitled to relief.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE