IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 2, 2010

**RONALD DOTSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 99-12264 - 65    John T. Fowlkes, Jr., Judge**

_____

**No. W2009-01100-CCA-R3-PC   -   Filed May 13, 2010**

_____

The petitioner, Ronald Dotson, appeals the denial of post-conviction relief by the Shelby County Criminal Court.  The petitioner was convicted of two counts of aggravated robbery, a Class B felony.  As a repeat violent offender, the petitioner received consecutive sentences of life without parole.  These sentences were ordered to be served consecutively to another unrelated set of aggravated robberies for which the petitioner was sentenced to life without parole.  In this appeal, the petitioner claims that his due process rights were violated by the trial court's failure to grant a continuance and failure to grant a mistrial.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and J. C. MCLIN, JJ., joined.

Brett B. Stein, Memphis, Tennessee, for the Petitioner-Appellant, Ronald Dotson.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; William L. Gibbons, District Attorney General; and Rachel Newton, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background**.  The facts of the underlying convictions, as outlined by this court in the petitioner's direct appeal, are described below:

Around noon on June 25, 1998, the Appellant entered Connie's Pub in Memphis and, while displaying a pistol, ordered the bartender, Angela Massey, to open the cash register and give him all the money.  After Ms. Massey complied, the Appellant approached a patron in the pub, Carl Reich,

and ordered Reich to give him his wallet. Reich complied and handed his wallet, which contained approximately $300.00, to the Appellant. The Appellant then fled the bar. In September of 1998, the Appellant was arrested in Wynne, Arkansas and gave a statement to investigators admitting his involvement in the robbery at Connie's Pub. He stated that he robbed both the bartender and the customer by using a BB gun that looked like a .357 revolver.

On October 28, 1999, a Shelby County grand jury returned two indictments against the Appellant for the aggravated robberies of Angela Massey and Carl Reich. At trial, the State introduced the Appellant's statement admitting that he used a BB gun to rob both victims. The robberies were also captured on video by a surveillance camera in the bar, and the video tape was shown to the jury. At trial, both victims identified the Appellant as the person who robbed them. The jury returned guilty verdicts on both charges of aggravated robbery. Based upon the Appellant's classification as a repeat violent offender, he received two consecutive life sentences without parole.

State v. Ronald Dotson, No. 99-12264-65, slip op. at 1-2 (Tenn. Crim. App., at Jackson, June 7, 2004) perm. to appeal denied, (Tenn. 2004).

The petitioner challenged his convictions on direct appeal and claimed the evidence was insufficient to support his convictions. Id. at 4. This court held that the evidence was sufficient, stating:

The State's proof consisted of testimony from the two victims who identified the Appellant as the person who took money from them, while displaying what they believed to be a gun. Moreover, the Appellant's admission to police that he had committed these robberies with a BB gun which looked like a .357 revolver was introduced before the jury. We conclude that this evidence is more than sufficient to support the convictions.

Id. The petitioner also challenged the trial court's denial of two motions to continue. Id. at 2. He claimed "he should have been granted a continuance to 'reassess [defense] strategy' when the trial court ruled that two recent convictions for aggravated robbery could be used for impeachment purposes." Id. This court concluded that the petitioner was not prejudiced by the trial court's refusal to grant a continuance. Because trial counsel represented the petitioner in post-conviction matters regarding these convictions and "was, or should have been, prepared for a defense that included [these] prior convictions[,]" the petitioner was not entitled to relief. Finally, the petitioner argued "the trial court erred in not granting his motion for continuance when he learned on the second day of trial that the victim Reich had identified the Appellant from a photo lineup." Id. at 3. Here, this court noted that the trial

denied the motion to continue because "[t]he State agreed not to use the photo identification evidence" and that the defendant failed to show prejudice. Id. at 3-4. Accordingly, the judgment of the trial court was affirmed.

On October 19, 2005, the petitioner filed a pro se petition for post-conviction relief. The petitioner raised several claims regarding his sentencing as a repeat violent offender.[1] An amended petition was filed by appointed counsel on May 23, 2008. The amended petition set forth the following claims:

a. The Petitioner was denied effective assistance of counsel by the Trial Court's ruling by refusing to grant a continuance in order for the petitioner to challenge the identification procedure under the totality of the circumstances as set forth in State v. Philpott, 882 S.W.2d 394 (Tenn. Cr. App. 1994)[.]

b. That under the totality of the circumstances, the identification of the petitioner was so unreliable and untrustworthy, that the petitioner's due process rights were violated.

c. Your Petitioner would further show that he was prejudiced by the faulty identification procedure as reflected by the questions that were submitted to the trial court by the jury during it's deliberation. . . .

**Post-Conviction Hearing**. Aside from the issues pertaining to his alleged improper juvenile convictions, the petitioner testified that his main concern was that the trial court did not grant trial counsel a continuance to prepare his defense. The petitioner said he met with trial counsel "a matter of days" before trial, and they discussed the facts of the case. The petitioner did not recall if they met again before trial. According to the petitioner, trial counsel said he needed more time to prepare for trial. The petitioner acknowledged that trial counsel moved for a continuance both before and during trial. He also recalled that trial counsel challenged the denial of continuances on appeal. The petitioner said trial counsel questioned the State's witnesses about the issue of identification, and he had moved to suppress identification evidence.

---

[1]Although not raised in this appeal, the petitioner specifically argued in his pro se petition and at the post-conviction hearing that several of his Illinois convictions which serve as the basis of his enhanced punishment occurred while he was a juvenile. He claimed that these juvenile convictions were obtained without a transfer hearing. In denying these claims, the post-conviction court determined that the requirements of section 40-35-120 (e) (3) were met; however, even if the alleged juvenile convictions were improper, numerous other prior violent felony convictions existed to qualify the petitioner under section 40-35-120 (a) (1)-(2), as a repeat offender subject to a life sentence.

Trial counsel was originally appointed to represent the petitioner in his post-conviction proceedings pertaining to another unrelated set of aggravated robbery convictions for which Dotson received a sentence of life without parole. Trial counsel testified that he was later appointed to represent and prepare the petitioner for trial regarding the instant aggravated robbery charges. He described the circumstances of the appointment as "like being thrown on a galloping horse . . . ." Trial counsel requested a continuance multiple times to prepare for trial, but his motions were denied. He testified that he was appointed to represent the petitioner six weeks before trial, and he met with the petitioner three times.

Trial counsel testified that defense preparation was difficult because the petitioner did not provide a clear account of what happened during the robbery. Trial counsel said his defense strategy was to attack the issue of identification. During discovery, he requested evidence from the State regarding photo identification of the petitioner. The State initially indicated that it had disclosed all of its identification evidence. Trial counsel stated that on the day of trial, he was informed of new evidence regarding photo identification of the petitioner. Consequently, trial counsel moved for a continuance, which was denied. Trial counsel said he pursued this issue on appeal, but the trial court's ruling was affirmed. During trial, he also moved to suppress a statement from one of the witnesses who identified the petitioner. This issue was addressed in a hearing. Trial counsel said his motion was denied, and the trial court's ruling was affirmed on appeal.

Trial counsel stated that during voir dire, he asked the jurors if anyone knew the petitioner. One of the jurors responded that he put the petitioner on a work release program while employed at the Penal Farm. Trial counsel said he moved for a mistrial, which was denied. He also testified that one of the jurors questioned whether there was any evidence of fingerprints at the scene of the crime.

By written order, the post-conviction court denied the petitioner relief. It determined that the three claims raised in the amended petition were already addressed on direct appeal. Citing Miller v. State, 54 S.W.3d 743, 747-48 (Tenn. 2001), it found that the petitioner was prevented from challenging these issues in post-conviction proceedings. The post-conviction court also found that the claims raised in the pro se petition were without merit. The petitioner filed a timely notice of appeal.

**ANALYSIS**

The petitioner claims that the post-conviction court erred in denying relief. He argues that his due process rights were violated by the trial court's failure to grant a continuance, which would have allowed trial counsel to prepare an adequate defense and effectively challenge the issue of identification. The petitioner also asserts that his due process rights

-4-

were violated by the trial court's failure to grant a mistrial. He claims a mistrial should have been granted because a juror admitted to knowing the petitioner when he worked at a penal farm. In response, the State argues that the post-conviction court did not err in denying relief.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T. C. A. § 40-30-103 (2005). The Tennessee Supreme Court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal quotation and citations omitted). "The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence." Id. (citing T.C.A. § 40-30-110(f) (2003); Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006)). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901, n.3 (Tenn. 1992)).

Here, the petitioner raised three arguments in his amended petition. He claimed his due process rights were violated because: (1) he received ineffective assistance of counsel based on the trial court's refusal to grant a continuance; (2) the identification of the petitioner was unreliable and untrustworthy; and (3) he was "prejudiced by the faulty identification procedure."[2]

Neither the amended petition nor the pro se petition addressed the issue of the trial court's refusal to grant a mistrial based on the juror's knowledge of the petitioner. Tennessee Code Annotated section 40-30-106(d) states that a petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." T. C. A. § 40-30-106(d) (2005). In addition, Tennessee Supreme Court Rule 28, section 5(E)(4) provides that the

---

[2]We note that the petitioner's brief does not include issues (2) and (3); accordingly, they will not be addressed in this appeal.

post-conviction petition must contain "specific facts supporting each claim for relief asserted by [the] petitioner." The record shows that the petitioner alluded to this issue during the post-conviction hearing by asking trial counsel a question during his testimony. Apparently, trial counsel moved for a mistrial based on a juror's question about the petitioner's criminal history during trial. Because the issue was not previously raised in either of his petitions and not clearly defined at the hearing, the post-conviction court asked for clarity from post-conviction counsel. Post-conviction counsel explained that he had just become aware of the issue and believed it to be relevant. The post-conviction court stated that it appeared post-conviction counsel was "speculating" and advised counsel that he could "file something in addition . . . ." for the court to review. The record does not show any additional filings regarding this issue. Moreover, the post-conviction court did not consider this as an issue presented because it was not included in its written order denying relief. Accordingly, we conclude the petitioner is not entitled to relief on this issue because he failed to comply with the rules governing post-conviction relief. See also Walsh v. State, 166 S.W.3d 641, 645 (Tenn. 2005) ("Issues not addressed in the post-conviction court will generally not be addressed on appeal.").

The petitioner's other claim regarding the continuance request was only indirectly mentioned in the amended petition within the framework of an ineffective assistance of counsel claim. We initially note that the petitioner did not set forth the factual basis of this claim as required under Tennessee Code Annotated section 40-30-106(d). At the post-conviction hearing, trial counsel testified that he made multiple requests for continuances. The petition does not, however, identify which of these motions should have been granted; rather, the petition states that trial counsel should have been granted a continuance to "challenge the identification procedure." Regardless of how broadly the petitioner casts his claim, he failed to explain to the post-conviction court or to this court on appeal how trial counsel was deficient or the resulting prejudice. At the post-conviction hearing, the petitioner conceded that trial counsel moved for a continuance, argued for a second continuance, and raised the denial of the motion to continue as an issue in his direct appeal.

Furthermore, as reflected in the findings of the post-conviction court, the petitioner challenged this issue on direct appeal. This court affirmed the trial court's denial of two continuance requests, concluding that the petitioner failed to show he was prejudiced. Under Tennessee Code Annotated section 40-30-106(f), "If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." (Emphasis added). The Tennessee Supreme Court has similarly stated that issues raised and resolved in the petitioner's direct appeal "cannot be revisited in this post-conviction proceeding." Miller v.

State, 54 S.W.3d 743, 747-48 (Tenn. 2001). The issues raised herein, as noted by the State, amount to no more than an attempt to re-litigate whether the trial court erred in denying his motions for continuances. Therefore, the petitioner is not entitled to post-conviction relief.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE