IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 27, 2010 at Knoxville

## LARRY PAUL KOFFMAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Robertson County**
**No. 02-0440     Michael R. Jones, Judge**

———————————

**No. M2009-00951-CCA-R3-PC - Filed September 29, 2010**

———————————

The petitioner, Larry Paul Koffman, appeals from the Robertson County Circuit Court's denial of his petition for post-conviction relief. After reviewing his issues, we hold that his first issue has been previously determined and that all other issues are waived, and we affirm the order of the circuit court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR.,J., joined.

Jordon D. Mathies, Nashville, Tennessee, for the appellant, Larry Paul Koffman.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; John W. Carney, District Attorney General; and Dent Morris, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2003, a Robertson County jury convicted the petitioner of aggravated robbery and aggravated assault. The trial court sentenced him to an effective 23-year sentence as a Range II offender. This court affirmed the defendant's convictions, *see State v. Koffman*, 207 S.W.3d 309 (Tenn. Crim. App. 2006), and the supreme court denied his application for permission to appeal on August 28, 2006. On October 3, 2006, the petitioner filed a pro se petition for post conviction relief, which he subsequently amended. The post-conviction court appointed counsel, and counsel filed a final amended petition.

The post-conviction petition alleged, among other things, that the petitioner's

trial counsel was ineffective in handling his pretrial suppression hearing and in failing to investigate his mental history. At the post-conviction hearing, the petitioner stated that his trial counsel performed deficiently by failing to "match the transcripts with the tape" of the White House Police Department's interview of the petitioner. He also complained that his arrest was illegal, and he testified,

> [D]uring the trial the one officer who was at trial was asked if I was a suspect for any crime when he pulled into this parking [sic], and he said no; but yet Jonathan Dillard jumped out and at gunpoint had me get down to the ground, and yet I was never – never given Mirandas, or any reason, or anything I was just – just taken down at gunpoint and put in the back of the police car.

The petitioner testified that Detective Matthew Marshal then climbed into the police car with him to start questioning him.

Regarding his claim that counsel failed to investigate his mental history and present a "diminished capacity defense," the petitioner testified, "I have seen so many psychologists, psychiatrists; I've been in some of the psychiatric institutions; I've been on all kinds of psychiatric medications from the age of 11; and . . . I felt that it was real important for [counsel] to get my mental history; and he did not." The petitioner explained that he had a "dull mind" and mental diseases. He admitted that he received a court-ordered mental evaluation, but he complained that his trial counsel never discussed his mental condition with him.

The post-conviction court denied the petition for post-conviction relief. In a written order, the court noted that the petitioner presented no evidence from any law enforcement officers to establish that the White House police officers lacked probable cause for his arrest and denied relief on these grounds. The post-conviction court found that the petitioner's claim that his confession was coerced had been previously determined by the Court of Criminal Appeals. As to the petitioner's claim that counsel was ineffective in failing to present a diminished capacity defense, the court ruled that "[n]o expert was presented during [the post-conviction] proceedings that would have established diminished capacity as a defense to these charges." The post-conviction court dismissed the petition, and the petitioner filed a timely notice of appeal.

The petitioner's first claim is that the post-conviction court erred in "precluding [his] argument's [sic] of improper search and seizure, finding the [petitioner's] arguments 'predetermined' was reversible error." To the extent that the petitioner presents the issue on appeal as one of trial court error, it was previously determined. The admissibility of the

petitioner's pretrial statements to police was squarely before this court on direct appeal, and we held that, although the trial court erred in admitting the petitioner's statements, the error was harmless beyond all reasonable doubt. *Koffman*, 207 S.W.3d at 320. The post-conviction procedure may not be used to re-litigate issues that have been "previously determined." *See* T.C.A. § 40-30-106(f) (2006). A ground for relief is previously determined when "a court of competent jurisdiction has ruled on the merits after a full and fair hearing." *Id.* § 40-30-106(h). "A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." *Id.*; *see Miller v. State*, 54 S.W.3d 743, 747-48 (Tenn. 2001) (holding that issue raised and resolved in the petitioner's direct appeal "cannot be revisited in this post-conviction proceeding"). This court has clearly determined the issue of the petitioner's statement to the police and we will not revisit the issue.

In his petition, the petitioner presented this issue as one of ineffective assistance of trial counsel. To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish by clear and convincing evidence first that "the advice given, or the services rendered by the attorney," were outside "the range of competence demanded of attorneys in criminal cases," *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. As an issue of ineffective assistance of counsel, the petitioner failed to establish prejudice as required by *Strickland*. This court's ruling on direct appeal that the suppression error was harmless beyond a reasonable doubt equates to a lack of prejudice for an ineffective assistance of counsel claim.

The petitioner's claim that his arrest was otherwise unconstitutional is waived; it was not previously presented to the court of conviction. Code section 40-30-106(g) states in pertinent part, "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." T.C.A. § 40-30-106(g).

The petitioner's second issue asserts that "[t]he ruling of the court finding insufficient evidence of the applicability of diminished capacity defense for the defendant is reversible error because there was insufficient proof at trial of a history of mental illness of the [petitioner]." The petitioner's brief admits that this issue was not brought before the post-conviction court but urges this court to review the issue under plain error. *See* Tenn. R. App. P. 36(b). Specifically, he argues, "In regards to the [petitioner's] post-conviction

proceeding, once the context for objection is made plainly apparent, then the propriety of the applicability of the diminished capacity rule of evidence may be reviewed for erroneous error." We acknowledge that the petitioner argued during his post-conviction hearing that his trial counsel was ineffective by failing to present a diminished capacity defense; however, his brief before this court clearly abandons that argument in favor of asking us to reverse his convictions because the failure of the lower court to recognize his diminished capacity defense affected his "substantial right." We decline to evaluate this issue on appeal because the petitioner waived it by presenting it for the first time on appeal. *See* T.C.A. § 40-30-106(g); *see also Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) ("The jurisprudential restriction against permitting parties to raise issues on appeal that were not first raised in the trial court is premised on the doctrine of waiver.").

Even if we afforded the petitioner the benefit of the doubt on appeal and treated the issue as one of ineffective assistance of counsel, the prejudice rule again precludes relief. The petitioner did not establish by clear and convincing evidence in the post-conviction hearing that he was afflicted with any mental disease or defect at trial; hence, he failed to establish that he was prejudiced by his trial counsel's failure to take further action regarding his mental state.

The petitioner's third issue is unclear. He argues that his due process rights to a fair trial were violated "by the criminal courts [sic] admission of cumulative evidence from the State relevant to the sentencing hearing." His appellate brief explains that he "alleges several issues in regards to due process of law violations by counsel's failure to object to the admission of evidence by the [S]tate for review of sentencing errors in his post-conviction amended petition." Apparently the petitioner argues that trial counsel failed to make a "poisonous tree objection" to certain evidence at trial and/or during the sentencing hearing. The petitioner's brief never specifies exactly how and when trial counsel was ineffective, and the brief essentially cites to the entire trial, sentencing hearing, and post-conviction proceeding transcripts for its argument. *See* Tenn. R. App. P. 27(g) ("If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages in the record at which the evidence was identified, offered, and received or rejected."). We decline to consider this issue, and we also note that, from our reading of the post-conviction record, the petitioner failed to assert this claim to the post-conviction court and that he has waived the issue. *See* T.C.A. § 40-30-106(g).

We affirm the denial of post-conviction relief.

_____
JAMES CURWOOD WITT, JR., JUDGE