IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2018

**KRISTIE M. SMITH v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 100561   G. Scott Green, Judge**

_____

**No. E2017-02344-CCA-R3-PC**

_____

The Petitioner, Kristie M. Smith, appeals from the denial of post-conviction relief, alleging the trial court erred in summarily dismissing her petition for post-conviction relief. Upon our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT H. MONTGOMERY, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Kristie M. Smith.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Charme Allen, District Attorney General; and Ta Kisha M. Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 29, 2008, the Petitioner was convicted of first degree murder, for which she received a life sentence. See State v. Kristie M. Smith, No. E2010-00549-CCA-R3-CD, 2011 WL 5517646, at *1-2 (Tenn. Crim. App. Nov. 14, 2011), perm. app. denied (Tenn. Jan. 14, 2014). In her motion for new trial, the Petitioner alleged, among other things, ineffective assistance of counsel. The trial court denied her motion for new trial and found that the Petitioner's trial counsel was not ineffective. The Petitioner appealed and this court affirmed the judgment of the trial court. See Kristie M. Smith, 2011 WL 5517646, at *16. The Petitioner filed a pro se petition for post-conviction relief on November 7, 2012, and an amended petition through appointed counsel on July 5, 2013, alleging that appellate counsel was ineffective for failure to file a Rule 11 application with the Tennessee Supreme Court and that the Petitioner's trial was "tainted by structural error due to in-court and out-of-court misbehavior by the trial court judge[.]"

The post-conviction court granted the Petitioner a delayed Rule 11 application which was subsequently denied by the Tennessee Supreme Court. See Kristie M. Smith, 2011 WL 5517646.

**Post-Conviction Hearing.** At the November 15, 2017 post-conviction hearing, the State presented its motion for summary dismissal of the petition for post-conviction relief and argued that the Petitioner's issues had been waived or previously litigated. Both parties agreed that the Petitioner's original petition for post-conviction relief was timely filed and that "partial relief" was granted to the Petitioner through the delayed Rule 11 application. The Petitioner conceded that the ineffective assistance of counsel issue was previously litigated during "a pretty extensive hearing" on the Petitioner's motion for new trial and again on direct appeal.

The Petitioner also conceded that "[a] structural error is not going to be supported based on the out-of-court conduct of the trial court judge" when the record does not reflect that the out-of-court misconduct affected the trial. See State v. Letalvis Cobbins, No. E2013-00476-CCA-R3-CD, 2014 WL 4536564, at *13 (Tenn. Sept. 12, 2014). However, the Petitioner maintained that the trial judge's "in-court misbehavior" constituted a due process violation and prejudiced her at trial. Specifically, the Petitioner asserted that the trial judge "was dozing off, took unnecessary recesses, [and] was inattentive" and that the Petitioner was prejudiced because:

> [I]f the [trial judge] was not during the course of the trial in a condition to be attentive to the evidence, that the [trial judge] wouldn't be in a position to knowingly and competently exercise the thirteenth juror evaluation of the evidence in the case and, also, the rulings the [trial judge] made with regard to evidentiary issues.

The post-conviction court found that the Petitioner was afforded a "full and fair" hearing, that she was permitted to file a delayed Rule 11 application, and that the rest of her claims had been waived or previously determined. The post-conviction court granted the State's motion and summarily dismissed the petition for post-conviction relief. It is from this order that the Petitioner now appeals.

## ANALYSIS

On appeal, the Petitioner argues that her original trial was prejudiced by the trial court's "in-court misconduct."[1] She specifically contends that this issue was not waived

---

[1] Although other issues were raised by the Petitioner in her petition for post-conviction relief, none of them are argued in her brief on appeal. Accordingly, those issues are waived.

or previously determined. The State responds that the post-conviction court properly dismissed the petition for post-conviction relief because "any due process objection could have been [raised] during the motion for new trial proceedings" and the Petitioner waived her claim by failing to object or raise this issue in prior proceedings. Upon our review, we agree with the State.

In reaching our conclusion, we are guided by the following well-established law pertaining to post-conviction relief. Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgment of a constitutional right. T.C.A. § 40-30-103. The Tennessee Supreme Court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal citations and quotation marks omitted); see Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011); Frazier v. State, 303 S.W.3d 674, 679 (Tenn. 2010). A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

The Post-Conviction Procedure Act states that a petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." T.C.A. § 40-30-106(d). Bare allegations that a constitutional right has been violated and mere conclusions of law will not be sufficient to warrant further proceedings. See id. Furthermore, the petitioner's "[f]ailure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition." Id. Tennessee Code Annotated section 40-30-106(g) explains when a Petitioner's claims have been waived:

(g) A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:

> (1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or

> (2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

T.C.A. § 40-30-105(g). Furthermore, issues that have been "previously determined" may not be re-litigated in a post-conviction procedure. See T.C.A. § 40-30-106(f). A ground for relief has been previously determined when "a court of competent jurisdiction has ruled on the merits after a full and fair hearing." See T.C.A. § 40-30-106(h). "A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." Id.; see Miller v. State, 54 S.W.3d 743, 747-48 (Tenn. 2001) (holding that the issue raised and resolved in the petitioner's direct appeal "cannot be revisited in this post-conviction proceeding.").

Here, the Petitioner argues that she was prejudiced by the trial judge's "in-court misconduct" and that the trial judge was unable to act in his capacity as the thirteenth juror due to his out-of-court drug use. The State responds that the trial judge's in-court actions would have been visible to the Petitioner and her counsel during trial and any resulting due process violations could have been raised in the Petitioner's motion for new trial or on direct appeal. By failing to object or raise these issues on previous appeal, the State asserts that the Petitioner has now waived this issue. In its order denying the petition for post-conviction relief, the post-conviction court cited the Tennessee Supreme Court's holding that "any structural error due to an alleged infirmity of the trial judge in [the Petitioner]'s case does encompass the judge's conduct apart from the trial." See State v. Davidson, 509 S.W.3d 156 (Tenn. 2016). Furthermore, the post-conviction court concluded that any in-court misconduct by the trial court could have been previously litigated.

Upon review, we conclude that the post-conviction court properly dismissed the Petitioner's petition for post-conviction relief. The record reflects that the Petitioner was permitted to file her Rule 11 application for review of this court's decision and the Tennessee Supreme Court denied the Petitioner's application. See State v. Kristie M.

- 4 -

Smith, No. E2010-00549-CCA-R3-CD, 2011 WL 5517646, at *1-2 (Tenn. Crim. App. Nov. 14, 2011), perm. app. denied (Tenn. Jan. 14, 2014). The Petitioner failed to argue this issue in her Rule 11 application and thus waived it on appeal. Accordingly, the Petitioner is not entitled to relief.

## CONCLUSION

Based upon the foregoing reasoning and analysis, the judgment of the post-conviction court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE