IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs February 12, 2020

**TANYA NICOLE SLIMICK v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Williamson County**
**No. CR-160732      Michael W. Binkley, Judge**

_____

**No. M2019-00458-CCA-R3-PC**

_____

A Williamson County jury convicted the Petitioner, Tanya Nicole Slimick, of first degree premeditated murder. The Petitioner appealed, challenging the sufficiency of the evidence, numerous aspects of the jury instructions, and the State's use of a demonstrative aid during closing argument. This court affirmed the Petitioner's convictions. *State v. Tanya Nicole Slimick*, No. M2014-00747-CCA-R3-CD, 2015 WL 9244888, at *1 (Tenn. Crim. App., at Nashville, Dec. 17, 2015), *perm. app. denied* (Tenn. Apr. 6, 2016). The Petitioner filed a post-conviction petition alleging that her trial counsel was ineffective. In an amended petition, she added claims challenging the jury instructions and asserting prosecutorial misconduct. Thereafter, the Petitioner abandoned her claims as to ineffective assistance of counsel, and the State filed a motion to dismiss the petition. After a hearing, the post-conviction court dismissed the petition, finding that the remaining allegations had either been waived or previously determined on appeal. On appeal, the Petitioner maintains her challenge to the trial court's failure to properly charge the jury and assertion of prosecutorial misconduct. For the first time on appeal, she argues that a juror violated the trial court's instruction not to communicate via social media during the trial. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY, JR., JJ., joined.

Jack D. Lowery and G. Jeff Cherry, Lebanon, Tennessee, for the appellant, Tanya Nicole Slimick.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Kim R. Helper, District Attorney General; and Mary Katharine White, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
## I. Procedural History

A jury convicted the Petitioner of the first degree premeditated murder of her boyfriend by shooting him at his residence in the early morning hours of September 21, 2010. For this conviction, the Petitioner received a life sentence. *Tanya Nicole Slimick*, 2015 WL 9244888, at *1. On appeal, the Petitioner challenged, as relevant to this appeal, the jury instructions, including that: (1) the trial court instructed the jury that the defendant had the burden of raising the issue of self-defense; (2) the self-defense instruction was confusing to the jury; (3) the jury instructions improperly failed to list the negation of self-defense in the litany of items which the State is required to prove beyond a reasonable doubt; and (4) the instructions failed to list lesser-included offenses whenever the "charged offense" was referenced. *Id.* The Petitioner also asserted that there was reversible error in the use of a demonstrative aid in the prosecution's closing argument. *Id.* After review, this Court affirmed the trial court's judgment. *Id.*

The Petitioner timely filed a petition for post-conviction relief, alleging ineffective assistance of counsel. After filing an amended petition challenging the jury instructions and claiming prosecutorial misconduct, the Petitioner struck the ineffective assistance of counsel claims from her petition. The State filed a motion to dismiss the remaining claims without an evidentiary hearing because all of the Petitioner's issues were either waived or had previously been determined on direct appeal. On February 11, 2019, the post-conviction court held a hearing on the State's motion to dismiss during which the Petitioner testified that she wished to waive all claims to ineffective assistance of counsel. The post-conviction court issued a written order on February 19, 2019, granting the State's motion to dismiss.

> Upon review of the *Petition for Post-Conviction Relief, Amended Petition for Post-Conviction Relief,* Petitioner's *Notice Striking Grounds*, and State's *Motion to Dismiss Amended Petition for Post-Conviction Relief*, the Court finds that the State's arguments as to each ground remaining in the *Amended Petition* are well taken. In that the [P]etitioner has abandoned all ineffective assistance of counsel claims, all remaining allegations have either been previously determined on appeal or have been waived by the [P]etitioner.

> Out of an abundance of caution, the [P]etitioner was sworn and questioned on the record regarding the striking of the ineffective assistance of counsel grounds. Based upon the questions asked and the answers provided, it was clear to the Court that the [P]etitioner made a knowing and intelligent waiver of said grounds. Furthermore, counsel for the [P]etitioner

entered a written acknowledgement of waiver of the ineffective assistance of counsel claims signed by the [P]etitioner after sufficient time to reflect upon the decision. *See Exhibit #1*. Additionally, the [P]etitioner stated that she was satisfied with the representation of her post-conviction counsel.

It is from this judgment that the Petitioner appeals.

## II. Analysis

On appeal from the post-conviction court's dismissal of her petition, the Petitioner maintains numerous attacks on the jury instructions and claims two issues of prosecutorial misconduct. She for the first time raises a claim that a juror violated the trial court's admonition against communication through public media. The State responds that all of the Petitioner's issues were either previously determined on direct appeal or waived. We agree with the State.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2018). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2018). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997)). A post-conviction court's factual findings are subject to a *de novo* review by this Court; however, we must accord these factual findings a presumption of correctness, which can be overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely *de novo* review by this Court, with no presumption of correctness. *Id.* at 457.

## A. Jury Instructions

The Petitioner asserts that the trial court failed to properly charge the jury regarding: (1) the State's burden to negate the affirmative defense of self-defense; (2) the separation of the "no duty to retreat" doctrine from the definition of self-defense; (3) the removal of prefatory language regarding the State's burden of proof concerning overcoming the Petitioner's claim of self-defense; and (4) that the charged lesser-included offenses "were as much part of the allegations as the 'charged' offense."

Additionally, she claims that she is entitled to relief due to the cumulative error in the jury instructions.

Issues that have been "previously determined" may not be re-litigated in a post-conviction procedure. *See* T.C.A. § 40-30-106(f). A ground for relief has been previously determined when "a court of competent jurisdiction has ruled on the merits after a full and fair hearing." T.C.A. § 40-30-106(h). "A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." *Id.*; *see Miller v. State*, 54 S.W.3d 743, 747-48 (Tenn. 2001) (holding that the issue raised and resolved in the petitioner's direct appeal "cannot be revisited in this post-conviction proceeding.").

Upon our review of this court's opinion from the Petitioner's direct appeal, we conclude that the Petitioner's claims regarding the jury instructions have been previously determined and that she received a full and fair hearing. This court considered the Petitioner's claim that the trial court failed to properly instruct the jury on the State's burden to negate the affirmative defense of self-defense and concluded that the instructions were not erroneous. *See Slimick,* 2015 WL 9244888, at \*20-21. It considered the Petitioner's claim that the trial court failed to separate the "no duty to retreat" doctrine from the definition of self-defense, concluding that there was no error. *Id.* at \*17. This court also addressed the Petitioner's contention that the trial court failed to remove prefatory language about whether self-defense had been fairly raised by the evidence, concluding that the Petitioner was not entitled to relief. *Id.* at \*17. Finally, this court considered the Petitioner's claim that the trial court's instruction to the jury did not give "equal dignity" to the lesser-included offenses and concluded that the instruction was not error. *Id.* at \*22. On this basis we conclude that the Petitioner's claims have been previously determined.

We note that the Petitioner's post-conviction brief is in large part Nashville attorney David Raybin's brief from the appeal following the trial. There are exclusions of portions not relevant (i.e. sufficiency of the evidence), updated language to reflect post-conviction versus the appeal from trial, and changes in numbering of the sections, but otherwise the brief is a word for word recitation of the argument in the Petitioner's direct appeal. Thus, post-conviction counsel will not be surprised by the outcome of this appeal.

As to the Petitioner's cumulative error claim, the Petitioner's grounds for post-conviction relief related to jury instructions have been previously determined and may not be re-litigated in a post-conviction procedure. Therefore, she is not entitled to post-conviction relief pursuant to cumulative error.

## B. Social Media Contact

The Petitioner argues that a juror violated the trial court's instruction not to communicate via social media during the trial. The State correctly notes that this claim was not raised on direct appeal.

Tennessee Code Annotated section 40-30-106(g) states the following:

(g) A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:

(1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or

(2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

In *State v. Townes*, this court stated the following:

The opportunity to raise the issue during a direct appeal of the conviction, coupled with a failure to pursue that appeal or a failure to raise the issue during that appeal, constitutes a waiver of the issue pursuant to [Tennessee] Code [Annotated] section 40-30-206(g) for purposes of a post-conviction relief proceeding.

56 S.W.3d 30, 35-36 (Tenn. Crim. App. 2000).

We conclude that the Petitioner's claim that juror conduct violated her Sixth Amendment right to a jury trial and Fourteenth Amendment right to due process has been waived because the Petitioner failed to present this claim to this court on direct appeal pursuant to Tennessee Code Annotated section, 40-30-106(g). We also conclude that neither of the exceptions in section 40-30-106(g) apply here. The Petitioner's claim is not "based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right" and the Petitioner's failure to present this issue to a court of competent jurisdiction was not "the result of state action in violation of the federal or state constitution." T.C.A. § 40-30-106(g) (1)-(2).

## C. Prosecutorial Misconduct

The Petitioner identifies two issues with respect to prosecutorial misconduct. The first issue is identified as:

> The government engaged in prosecutorial misconduct by arguing to the jury that there were only "three" surgical gloves when in fact the prosecutor well knew that the fourth surgical glove had been seized by the police in the search of the Petitioner's residence in Pennsylvania. Such violated the Petitioner's Fifth, Sixth and Fourteenth Amendment rights of both the State and Federal Constitution and deprived the Petitioner of a fair trial.

This is the extent of any reference to this issue anywhere within the Petitioner's brief. Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure provides in part that a brief shall contain "[a]n argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on." Rule 10(b) of this court provides that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b).

The Petitioner's brief does not conform to Tennessee Rule of Appellate Procedure 27(a)(7), and consequently, review of this issue is waived, pursuant to Tennessee Court of Criminal Appeals Rule 10(b).

The Petitioner's other issue relates to the State's use of demonstrative aid in rebuttal closing argument. This court addressed this identical argument on direct appeal and concluded that "[t]he argument was temperate and based on the facts in evidence" in denying the Petitioner relief. Because the Petitioner's claim had been previously addressed, the post-conviction court did not err in dismissing the claim on this basis.

## III. Conclusion

After review, we conclude that the post-conviction court did not err when it summarily dismissed the Petitioner's post-conviction petition because the Petitioner's allegations had either been previously determined or waived by the Petitioner. Accordingly, we affirm the post-conviction court's dismissal.

_____
ROBERT W. WEDEMEYER, JUDGE