IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 7, 2018

## WILLIS HOLLOWAY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 09-01388        Lee V. Coffee, Judge**

_____

**No. W2017-01573-CCA-R3-PC**

_____

The Petitioner, Willis Holloway, was convicted of two counts of aggravated robbery, two counts of aggravated kidnapping, and one count of aggravated burglary, and the trial court imposed an effective forty-four year sentence in the Tennessee Department of Correction. On appeal, this court affirmed the Petitioner's conviction and sentence. *See State v. Charles Jackson and Willis Holloway*, No. W2010-01133-CCA-R3-CD, 2012 WL 543047, at *1 (Tenn. Crim. App., at Jackson, Feb. 17, 2012), *perm. app. denied* (Tenn. June 22, 2012). Subsequently, the Petitioner filed a petition for post-conviction relief, and the post-conviction court denied relief. *Willis Holloway v. State,* No. W2014-02444-CCA-R3-PC, 2015 WL 6122155, at *1 (Tenn. Crim. App., at Jackson, Oct. 16, 2015), *perm. app. denied* (Tenn. March 23, 2016). The Petitioner then filed a "Petition for Extraordinary Relief," the subject of this appeal, asserting: (1) his sentences were void for duplicity; (2) his indictments were void because the charges were vague; (3) two of the indictments were defective; (4) the trial court constructively amended the indictments; and (5) trial and post-conviction counsel were ineffective. The post-conviction court, treating the petition as one for post-conviction relief, found that the Petitioner's claims had either been previously determined or waived because the Petitioner failed to raise them in his earlier appeals and denied relief. After review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT L. HOLLOWAY, JR., JJ., joined.

Willis Holloway, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Alanda H. Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION
## I. Facts and Procedural History

A Shelby County grand jury indicted the Petitioner and three co-defendants for their role in a home invasion. The eighty-five and eighty-three-year-old victims lived in a house in Memphis, Tennessee and owned a rental house next door to their home. *Jackson*, 2012 WL 543047, at *1. One of the Petitioner's co-defendants, Charles Jackson, posing as a potential renter, arranged for his sister to view the rental house. *Id.* After the victims had returned from a chemotherapy appointment, the Petitioner and co-defendant Jackson arrived at the victims' house to view the rental property. *Id.* They entered the victims' house and pointed guns at the victims. *Id.* They tied the victims up with duct tape and ransacked the house. *Id.* The Petitioner and co-defendant Jackson took jewelry, a "pump gun," $750.00, and a small safe containing $8000.00. *Id.* Two women also participated in the crimes, and those women testified against the Petitioner and co-defendant Jackson at their joint trial. *Id.* at *3-5.

The jury convicted the Petitioner and co-defendant Jackson of two counts of aggravated robbery, a Class B felony, two counts of aggravated kidnapping, a Class B felony, and one count of aggravated burglary, a Class C felony. *Id.* at *7. After a sentencing hearing, the trial court ordered that the Petitioner serve consecutive sentences of ten years for each of the aggravated robbery and aggravated kidnapping convictions and four years for the aggravated burglary convictions, for an effective sentence of forty-four years in the Tennessee Department of Correction. *Id.*

On appeal, the Petitioner challenged: (1) the trial court's limit on cross-examination of a co-defendant; (2) admission of a co-defendant's complete written statement into evidence; (3) the trial court's giving a copy of the statement to each of the jurors; (4) the failure to redact the statement; and (5) the sufficiency of the evidence. *Id.* at *1. This court affirmed the trial court's judgments and sentences. *Id.*

The Petitioner then filed a petition for post-conviction relief, alleging ineffective assistance of counsel at trial and on appeal. After a hearing, the post-conviction court denied relief. On appeal, this Court noted that the Petitioner had "abandoned his original claims for post-conviction relief and now argue[d] that he should be granted a new trial because his trial counsel passed away prior to his post-conviction hearing." *Holloway*, 2015 WL 6122155, at *1. Addressing, the issues raised on appeal, this Court denied relief. *Id.* at *2-3.

On March 8, 2017, the Petitioner filed a "Petition for Extraordinary Relief," claiming that: (1) the sentences in counts 1, 2, 3, 4, and 5 were duplicitous; (2) counts 1, 2, 3, 4, and 5 were void for indefiniteness, for failure to inform the Petitioner of the nature of the offenses; (3) the indictment was defective because the co-defendants pleaded guilty to facilitation of a felony before the Petitioner and co-defendant Jackson had been convicted of the underlying felony; (4) the trial court charged the jury incorrectly, resulting in a constructive amendment to the indictment; and (5) trial and post-conviction counsel were ineffective. The post-conviction court treated the petition as a post-conviction petition and made the following findings:

> These issues cannot be revisited in this post-conviction proceeding. *Miller v. State*, 54 S.W.3d 743 (Tenn. 2001). A ground for relief was considered previously determined "if a court of competent jurisdiction had ruled on the merits after a full and fair hearing." *House v. State*, 911 S.W.2d 705 (Tenn. 1995). This issue has been previously determined against the Petitioner and is without merit and cannot be addressed in a subsequent post-conviction hearing. This Court heard and denied a petition for post-conviction relief on December 1, 2014. The Court of Criminal Appeals affirmed the judgment of the post-conviction court on October 16, 2015. The Tennessee Supreme Court denied an application for permission to appeal on March 23, 2016. This Court denied this exact petition, without an evidentiary hearing, on March 27, 2017.

> . . . .

> This Court concludes that the Petitioner's claims are without merit. The Court finds further that all others issues, for which evidence has not been presented at the evidentiary hearing conducted in 2014, have been waived. Under the Post-Conviction Act, waiver applies "if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." *House v. State*, 911 S.W.2d 705, 710-11, 713-14 (Tenn. 1995).

> Tennessee Code Annotated section 40-30-106 provides, "The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106(d). "Amendments to the petition shall conform substantially to the form for original petitions, except that matters alleged in the original petition need not be repeated." *Id*. § 40-30-104(g). Therefore, regarding any additional issues of a Sixth Amendment

violation, which was not addressed in his petition or by the trial court in its order denying relief, the Petitioner has waived this issue by failing to raise it in his original or amended petitions.

Tennessee Code Annotated section 40-30-106 provides:

A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:

(1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or

(2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

None of these exceptions applies in this case. This [P]etitioner continues to file multiple and frivolous petitions attacking the finality of his convictions. As the Court stated in the ruling denying the original petition for post-conviction relief, any additional claims for relief which were not presented at the evidentiary hearing are waived in the post-conviction setting. *See Randy L. Jones v. State,* No. M2005-00765-CCA-R3-PC, 2006 Tenn. Crim. App. 2006 WL 1626931, at *22 (Tenn. Crim. App., Nashville, June 9, 2006), *perm. to app denied*, (Tenn. Sept. 25, 2006).

It is from this judgment that the Petitioner appeals.

## II. Analysis

On appeal, it appears the Petitioner asserts that the trial court improperly instructed the jury at trial. The State responds that the trial court properly dismissed the petition because the claims had either been previously raised or were waived. The Petitioner titles his petition, "Petition for Extraordinary Relief," and the trial court treated it as a post-conviction petition. Regardless of whether we view the case as a petition for post-conviction relief or a petition for the writ of habeas corpus, the Petitioner is not entitled to relief.

Pursuant to Tennessee Code Annotated section 40-30-102(a), a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." T.C.A. § 40-30-102(a) (2012). In this case, the judgments became final in March 2012. Moreover, section 40-30-102(c) states that "[i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." Here, the record indicates that the Petitioner filed his first post-conviction petition within the one-year statute of limitations, and it was dismissed following an evidentiary hearing. This court affirmed the post-conviction court's judgment. The Petitioner subsequently filed a second petition for post-conviction relief on March 8, 2017, well outside the one-year statute of limitations. After considering the second post-conviction petition, the post-conviction court summarily dismissed it.

Initially, we note that section 40-30-102(c) of the Post-Conviction Procedure Act states, "If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." We agree with the State that the Petitioner's first post-conviction petition was resolved on its merits and that the lower court acted properly in summarily dismissing his second post-conviction petition on that basis. We also agree that the issues the Petitioner seeks to raise in his second petition are either waived or previously determined. See T.C.A. § 40-30-106(g)-(h).

Furthermore, we agree with the State that the Petitioner's allegations do not fall within the limited exceptions for reopening a first post-conviction petition. Tennessee Code Annotated section 40-30-117(a) provides:

(a) A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

We conclude that the post-conviction court acted properly in summarily dismissing the second post-conviction petition. The Petitioner does not argue that he is entitled to a tolling of the one-year statute of limitations for due process concerns. Moreover, we conclude that due process tolling is not a legitimate consideration in this case. Accordingly, the Petitioner is not entitled to relief.

The post-conviction court did not review the petition as a habeas corpus petition, however, even had it done so, the Petitioner has not shown that his judgments are void. The grounds upon which a writ of habeas corpus may be issued are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner's first claim is that the indictments are duplicitous; however, this court has repeatedly held, "Duplicity in an indictment does not result in a void judgment." *Michael David Russell v. Virginia Lewis, Warden*, No. E2005-02644-CCA-R3-HC, 2007 WL 2141546, at *2 (Tenn. Crim. App., at Knoxville, July 26, 2007), *no perm. app. filed* (citing *Gary Lynn Vernon v. Jim Dickman, Warden*, No. M2003-02268-CCA-R3-HC, 2004 WL 1778480, at *2 (Tenn. Crim. App., at Nashville, Aug. 9, 2004)). To the extent the Petitioner's claims about an alleged duplicitous indictment implicate double jeopardy concerns, we note that violations of double jeopardy also do not result in

void judgments. *Id.* (citing *Raymond Rutter v. State*, No. E2003-01386-CCA-R3-PC, 2004 WL 792066, at *3 (Tenn. Crim. App., at Knoxville, Apr. 7, 2004)).

The Petitioner also asserts that the indictments were so inadequate as to insufficiently inform him of the charges against him. We agree with the State that the indictments contain the name of the accused, the date of the offense, the actus reus, mens rea, and cites the statute defining the charged offense. *See Joseph Darryl Gaines v. State*, No. M2009-00735-CCA-R3-HC, 2009 WL 5125105 (Tenn. Crim. App., at Nashville, Dec. 15, 2009) (concluding that the name of the accused, "the dates during which the offense occurred, the actus reus, mens rea, and references [to] the statute defining the charged offense" were sufficient), *perm. app. denied* (Tenn. May 12, 2010). We conclude that the indictments were sufficient to inform the Petitioner of the charges against him.

The Petitioner next claims that his female co-defendants pleaded guilty to facilitation of aggravated robbery when there was not yet a conviction against the Petitioner or co-defendant Jackson on the underlying felony charge. The Petitioner, however, cannot assert the constitutional rights of another, and his challenge implicates the co-defendants' rights and not his own. *See Simmons v. United States,* 390 U.S. 377, 389 (1968).

The Petitioner's final two claims, likewise, do not establish that his judgments are void. The Petitioner asserts that the jury charge impermissibly amended the indictment and that he did not receive the effective assistance of counsel. A claim of erroneous jury instructions is not a cognizable basis for habeas corpus relief. *See, e.g., Bobby A. Davis v. Howard Carlton*, No. E2007-01279-CCA-R3-HC, 2008 WL 299067 (Tenn. Crim. App., at Knoxville, Nov. 27, 2007), *perm. app. denied* (Tenn. Apr. 28, 2008). Such allegations give rise to a claim of a voidable, not void, judgment. *See, e.g., John Haws Burrell v. Howard Carlton*, No. E2004-01700-CCA-R3-HC, 2005 WL 544732 (Tenn. Crim. App., at Knoxville, Mar. 8, 2005), *perm. app. denied* (Tenn. June 20, 2005) (holding that claim of erroneous jury instructions presented voidable claim which was not cognizable in habeas corpus action). Likewise, ineffective assistance of counsel claims, even if taken as true, render a judgment voidable, not void. *See Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); *see also Fredrick B. Zonge v. State*, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *1 (Tenn. Crim. App. Dec. 16, 1999) (stating generally that "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), *perm. app. denied* (Tenn. June 26, 2000).

Accordingly, it does not appear "'upon the face of the judgment . . .' that [the] convicting court was without jurisdiction or authority to sentence [the] defendant . . . ." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn.

326, 336-37 (Tenn. 1868)).  Moreover, the record contains no indication that Petitioner is being wrongfully imprisoned or that his liberty is being illegally restrained on this Tennessee conviction.  *Id*.; *see Hickman v. State*, 153 S.W.3d 16, 22-24 (Tenn. 2004).

## III. Conclusion

Based upon the aforementioned reasoning and authorities, we affirm the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE