IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 10, 2023

**MARCUS ANTHONY ROBEY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Rutherford County**
**No. F69191C          Barry R. Tidwell, Judge**

**No. M2022-01257-CCA-R3-PC**

In 2013, the Petitioner, Marcus Anthony Robey, pleaded guilty to evading arrest and criminal impersonation in exchange for an effective sentence of eleven months and twenty-nine days. In a bifurcated proceeding, a jury convicted the Petitioner of aggravated robbery following which he pleaded guilty to possession of a weapon by a convicted felon. For these convictions he received concurrent thirty- and fifteen-year sentences, respectively. *State v. Robey*, No. M2015-00306-CCA-R3-CD, 2016 WL 4487954, at *1 (Tenn. Crim. App. Aug. 25, 2016), *perm. app. denied* (Tenn. 2016). Thereafter, the Petitioner filed a petition for post-conviction relief, claiming that he received the ineffective assistance of counsel, that the trial court lacked subject matter jurisdiction related to the indictment, and that the State withheld evidence resulting in prosecutorial misconduct. The post-conviction court denied his petition after a hearing. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN W. CAMPBELL, SR., and KYLE A. HIXSON, JJ., joined.

John D. Drake, Murfreesboro, Tennessee, for the appellant, Marcus Anthony Robey.

Jonathan Skrmetti, Attorney General and Reporter; Brooke A. Huppenthal, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Marla R. Holloway, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts and Background**

There is little in the record regarding the underlying facts of this case, but it appears that the indictment arose from the Petitioner's involvement in a bank robbery during which

he and multiple co-defendants robbed a bank employee at gunpoint.  In a prior opinion, this court recited the following procedural history:

> [The Petitioner] was indicted by a Rutherford County Grand Jury in a multi-count indictment for aggravated robbery, evading arrest, criminal impersonation, and possession of a weapon by a convicted felon ("firearm charge").  The trial court ordered that the firearm charge would be heard in a bifurcated hearing following the verdict on the aggravated robbery, evading arrest, and criminal impersonation charges.  Prior to trial, [the Petitioner] pled guilty to evading arrest and criminal impersonation.  He was sentenced to eleven months, twenty-nine days for evading arrest and six months for criminal impersonation.  [The Petitioner] went to trial on the aggravated robbery charge on August 12-14, 2013, and he was found guilty as charged in the indictment.  During the subsequent hearing on the firearm charge, [the Petitioner] and the State reached a plea agreement in which [the Petitioner] pled guilty to the firearm charge, and he agreed to a fifteen-year sentence.  Pursuant to the plea agreement, [the Petitioner's] sentence for the firearm charge would be served concurrently to the sentence [the Petitioner] would receive for his aggravated robbery conviction.  [The Petitioner] also agreed to waive his right to appeal all charges included in the indictment, including the aggravated robbery conviction.  The sentences for evading arrest and criminal impersonation were also ordered to be served concurrently with the sentence for the aggravated robbery conviction.
>
> [The Petitioner] filed a subsequent motion to withdraw his guilty plea on September 4, 2013, alleging that at the time of the guilty plea he was "not in [his] right frame of mind," that he did not understand he was losing his right to appeal his aggravated robbery conviction, and that he made a mistake with the guilty plea.  *State v. Marcus Anthony Robey*, No. M2014-00773-CCA-R3-CD, 2015 WL 1648241, at *1 (Tenn. Crim. App. Apr. 13, 2015), *perm. app. denied* (Tenn. July 23, 2015).  A hearing was held, and the trial court denied [the Petitioner's] motion.  On appeal, this court affirmed the denial of [the Petitioner's] motion to withdraw his plea.  *Id.* at *3-4.

*Robey*, 2016 WL 4487954, at *1.

The Petitioner filed an appeal of the aggravated robbery conviction, contending that the trial court had erred when it instructed the jury and that the evidence was insufficient to support his conviction.  This court concluded, as it had previously, that the Petitioner had waived his right to appeal his conviction and therefore dismissed his appeal.  *Id.*

## II. Post-Conviction Proceedings

The Petitioner filed a petition for post-conviction relief alleging that: (1) he had received the ineffective assistance of counsel; (2) the trial court lacked subject matter jurisdiction to convict him; and (3) the State committed prosecutorial misconduct by withholding evidence.

At the hearing on the petition, post-conviction counsel made a statement detailing that the Petitioner had been indicted for conspiracy to commit aggravated robbery and that, just before trial, the State amended the indictment to the charge of aggravated robbery. Thus, post-conviction counsel alleged that the Petitioner's due process rights had been violated because the trial court did not have jurisdiction to proceed to trial on the aggravated robbery charge. Post-conviction counsel argued that the State should have been required to reconvene a grand jury to seek a subsequent indictment. Post-conviction counsel noted that trial counsel ("Counsel") objected to the amendment of the indictment. The State responded to post-conviction counsel's argument that the Petitioner had, in fact, been charged with aggravated robbery acting in concert with others, which the State alleged was an improper enhancement of the robbery charge. The State asserted that the amendment, which lowered the indicted charge from an A felony to a B felony, did not prejudice the Petitioner, and that the trial court did not err when it had allowed the State to proceed on the aggravated robbery charge.

Following these statements by the parties, the following evidence was presented at a hearing on the petition: Counsel testified that he had been practicing criminal law for ten years. Counsel recalled that the Petitioner was charged with multiple offenses, the main one being the aggravated robbery charge. The Petitioner had two co-defendants who were represented by other attorneys. Counsel was assisted by two other attorneys in his representation of the Petitioner.

Counsel recalled that the State sought to amend the indictment, and he objected. Counsel recalled that the indicted charge of aggravated robbery was impermissibly enhanced with the "in concert" language, which was a separate statute. Counsel had engaged in trial preparation prior to this amendment being sought and discovery had already been reviewed. Counsel raised a subject matter jurisdiction issue with the amendment, because the Petitioner had been charged with a non-existent crime, and he also argued that the State was not procedurally amending the indictment correctly. Counsel argued that Tennessee Rule of Criminal Procedure 7 did not permit such an amendment without the Petitioner's consent.

On the topic of discovery, Counsel recalled that contained in the file was a photograph of an armored car that the State presented to the jury ("Loomis photograph"). Counsel recalled that either he or co-counsel objected to the introduction of the Loomis photograph, which the trial court sustained. Counsel did not request a curative instruction or motion for a mistrial, although he acknowledged that the Loomis photograph could have been prejudicial to the Petitioner. Counsel stated that the Loomis photograph was shown

3

to the jury for a very short period of time, and Counsel objected but did not want to draw extra attention to it. The parties argued about its admissibility outside of the presence of the jury and when it was ruled inadmissible, "the photo was gone and we moved on. I felt that was the best way to handle that." Counsel agreed he could have asked for a curative instruction or motioned for a mistrial, but he did not believe that the Loomis photograph was prejudicial enough to warrant a mistrial.

Counsel recalled that the jury asked a question about whether the bank employee was involved in the crime and how they could determine that the employee felt actual fear during the robbery, which was a required element. Counsel recalled that as part of his defense strategy he was able to elicit testimony on cross-examination that the bank employee did not act fearful during the robbery, as if he had prior knowledge. Counsel felt he was somewhat successful in planting the idea with the jury based on the jury questions asked during deliberations. When asked about evidence of a "shirt sleeve" being presented at trial that had not been disclosed to Counsel, Counsel agreed that there was "some issue" with the shirt, but he did not have "any recollection of the particulars."

On cross-examination, Counsel clarified that the Petitioner was indicted along with several co-defendants and that his case was severed. He agreed that none of the defendants were indicted with conspiracy to commit robbery, but aggravated robbery acting in concert with others, which the State sought to amend to aggravated robbery. Counsel did object to the amendment. Had the trial court denied the State's motion to amend, Counsel would have motioned for a mistrial on the basis that the Petitioner was charged with an offense that did not exist. If the State's motion had been denied, the State could have sought a superseding indictment or attempted to re-indict the Petitioner properly. Counsel opined that having to re-indict the Petitioner might have benefitted his case if the witnesses had not shown up to the grand jury hearing. Counsel recalled the State's winning argument that the same elements of aggravated robbery remained in the amended indictment.

Regarding the Loomis photograph, Counsel stated that he had seen it prior to trial and made an immediate objection when it was shown.

At the conclusion of the hearing, the post-conviction court issued an order denying the petition, stating the following:

> Here, the original indictment charged the Petitioner with Aggravated Robbery ". . . while acting in concert with two or more persons," an A felony. The amended indictment removed the phrase ". . . while acting in concert with two or more persons" and reclassified the Aggravated Robbery to a B felony. The [P]etitioner asserts that the trial court did not have jurisdiction to proceed on the amended indictment because the amended indictment was a "new charge" prohibited under Rule 7. The Court finds that the amended indictment was not a "new charge" under Rule 7 and therefore the trial court

4

did have jurisdiction to proceed with the amended indictment. The State asserts that the amendment to the indictment removed superfluous language because all elements of the charge and facts remained the same after the removal, therefore causing no prejudice to the Petitioner. The Court agrees that the amended indictment did not include a new charge and finds that as a duplicitous indictment it did not remove jurisdiction from the trial court. This ground for relief is without merit and therefore denied.

. . . .

Further, the Petitioner alleges that the District Attorney committed prosecutorial misconduct when the District Attorney failed to provide notice that a photograph of a Loomis armored car would be shown to the jury and was denied effective assistance of counsel when [Counsel] failed to request curative instructions and/or request a mistrial from the trial court. The Court finds that the District Attorney did not commit prosecutorial misconduct in showing the photo to the jury. First, mere moments after the photo was revealed to the jury [Counsel] objected to the display of the photo and it was removed from the jury's view. Second, there is no evidence that the District Attorney intentionally showed the photo to the jury to prejudice the Petitioner in any way and when objected to the District Attorney removed it immediately. Therefore, the Court does not find that the District Attorney committed prosecutorial misconduct on this matter, and the claim of ineffective assistance is moot.

. . . .

The Court finds the testimony of [Counsel] as to his representation of the [P]etitioner in this case credible and declines to find ineffective assistance of counsel. [Counsel's] representation of the Petitioner was not deficient and it did not prejudice the Petitioner. As to the issue involving the brief showing of the photo during the trial, [Counsel] timely objected. [Counsel] testified that the reason he did not request a curative instruction or a mistrial from the trial court is that he did not want to draw any further attention to the improper photo.

. . . .

Therefore, the Court finds that [Counsel's] representation was not deficient and that his actions did not prejudice the Petitioner.

Accordingly, the post-conviction court denied relief. It is from this judgment that the Petitioner now appeals.

## II. Analysis
## A. Indictment

On appeal, the Petitioner contends that the post-conviction court erred when it denied his petition because the trial court improperly allowed the indictment to be amended, without his consent, leading to him being charged with a different offense with an increased range of punishment. He contends that the case should have been resubmitted to the grand jury. The State responds that this claim is previously determined on direct appeal, making it an invalid claim for post-conviction review.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. §40-30-103 (2014). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2014). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against it. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this court, with no presumption of correctness. *Id.* at 457. "Where a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing." *Givens v. State*, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985).

Issues that have been "previously determined" may not be re-litigated in a post-conviction procedure. *See* T.C.A. § 40-30-106(f). A ground for relief has been previously determined when "a court of competent jurisdiction has ruled on the merits after a full and fair hearing." *See* T.C.A. § 40-30-106(h). "A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." *Id.*; *see Miller v. State*, 54 S.W.3d 743, 747-48 (Tenn. 2001) (holding that the issue raised and resolved in the petitioner's direct appeal "cannot be revisited in this post-conviction proceeding.").

We agree with the State that this court has previously determined that the Petitioner waived his right to appeal his convictions as part of his guilty plea, making his claim related to the indictment invalid for post-conviction relief. *See Robey*, 2015 WL 1648241, at *1. Furthermore, we conclude that the indictment did not prejudice the Petitioner, as the elements of the offense of aggravated robbery did not change as a result of the indictment. *See* Tenn. R. Crim. P. 7(b) (stating "if no additional or different offense is thereby charged and no substantial rights of the defendant are thereby prejudiced, the court may permit an amendment without the defendant's consent before jeopardy attaches); *see also State v. Beal*, 614 S.W.2d 77, 80 (Tenn. Crim. App. 1981) (holding that an amendment of an indictment that deleted reference to statute proscribing assault with intent to commit robbery and replacing it with reference to statute proscribing robbery did not charge an

additional or different offense and did not prejudice substantial rights of defendant was permissible).  The Petitioner is not entitled to relief.

## B. Ineffective Assistance of Counsel

The Petitioner also contends that he received the ineffective assistance of counsel. He asserts that Counsel should have moved for a mistrial after the Loomis photograph was erroneously shown to the jury by the State.  He also argues that Counsel did not raise an issue of authentication of evidence related to a "cut-off portion of [a] shirt sleeve."  Finally, he contends that Counsel failed to present a defense or give him an opportunity to present his version of the facts of the case.  The State responds that Counsel made a reasonable and strategic decision not to address the Loomis photograph, beyond his initial objection, so as not to draw the jury's attention to it further.  The State further contends that the Petitioner has not established prejudice with regards to the Loomis photograph being shown.  The State contends that the Petitioner did not present evidence related to the shirt sleeve sufficient to meet his burden of proving deficient representation, nor did he present evidence that an alternative trial strategy on the part of Counsel would have changed the outcome of his case.  We agree with the State.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right.  T.C.A. § 40-30-103 (2018).  The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2018).  The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against it.  *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001).  Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts.  *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999); *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997).  A post-conviction court's conclusions of law, however, are subject to a purely *de novo* review by this Court, with no presumption of correctness.  *Id.* at 457.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution.  *State v. White*, 114 S.W.3d 469, 475 (Tenn. 2003); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975).  The following two-prong test directs a court's evaluation of a claim for ineffectiveness:

> First, the [petitioner] must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment.  Second, the [petitioner] must show that the deficient

performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Melson*, 772 S.W.2d 417, 419 (Tenn. 1989).

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (citing *Strickland*, 466 U.S. at 688).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. *Strickland,* 466 U.S. at 690; *State v. Mitchell*, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. *Strickland*, 466 U.S. at 690; *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462. Finally, we note that a defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)). Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation." *House*, 44 S.W.3d at 515 (quoting *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)).

If the petitioner shows that counsel's representation fell below a reasonable standard, then the petitioner must satisfy the prejudice prong of the *Strickland* test by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694;

*Harris v. State*, 875 S.W.2d 662, 665 (Tenn. 1994).

The Petitioner contends that Counsel was ineffective for failing to move for a mistrial after the Loomis photograph was shown to the jury. The post-conviction court found that Counsel timely objected to what it noted was the "brief" showing of the Loomis photograph and that Counsel did not request a curative instruction or a mistrial to prevent any further attention to the improper photo. The post-conviction court found that Counsel's strategic decision to not draw more attention to the Loomis photograph did not amount to deficient representation, nor did it cause prejudice to the Petitioner. The evidence does not preponderate against the post-conviction court's findings. Counsel testified that he did not want to draw the jury's attention to the Loomis photograph, which was removed from the projector almost as soon as it was shown. He objected and made an argument outside the presence of the jury, and he decided to move on after his objection was sustained. This was a strategic decision on the part of Counsel, and the Petitioner has not presented evidence that Counsel was deficient in this respect or that this strategy prejudiced him. Thus, the Petitioner has not met his burden of proving by clear and convincing evidence that Counsel was deficient when he chose not to move for a mistrial or object further to the Loomis photograph, and he is not entitled to relief.

The Petitioner makes an additional argument in his appellate brief that Counsel was ineffective for failing to object to the admission of a "cut-off shirt." However, the Petitioner did not elicit any testimony on the topic of this item of evidence and has therefore not met his burden of proving deficient performance or prejudice. Additionally, regarding Counsel's defense strategy, the Petitioner did not present any evidence of an alternative trial strategy that may have resulted in a different outcome. The Petitioner is not entitled to relief.

### III. Conclusion

After a thorough review of the record and the applicable law, we conclude the post-conviction court properly denied the Petitioner's petition for post-conviction relief. In accordance with the foregoing reasoning and authorities, we affirm the judgment of the post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE